UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ANN CELEDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>　　　　　Defendant. | Case No. 1:21-cv-00477-CDB<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1)<br><br>14-Day Deadline |

**I.    BACKGROUND**

On March 22, 2021, Plaintiff Mary Ann Celedon ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking review of the decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for benefits under the Social Security Act. (Doc. 1). Plaintiff alleged the "Notice of Appeals Council dated February 14, 2021 gave plaintiff an additional 30 days, plus five (5) days for delivery by mail, to file a Civil Action," such that her complaint was timely. (*Id.* at 1-2).

On February 14, 2022, the Commissioner lodged the Administrative Record ("AR") and an accompanying certification that it was a "full and accurate transcript of the entire record of proceedings relating to this case." (Docs. 12, 12-1). However, on July 12, 2022, the

---

[1] On January 21, 2025, Michelle King was named Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency.commissioner/ (last visited January 23, 2025). She therefore is substituted as the Defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

Commissioner lodged a supplement and certification indicating that certain exhibits were omitted in the initial filing.  (Docs. 20, 20-1).  After submission of the supplement, the parties submitted their briefs (Docs. 22, 25).² In her brief, Plaintiff asserts that the "Appeals Council denied Plaintiff's request for review." (Doc. 22 at 2).  However, Plaintiff fails to cite any portion of the record in support of this assertion. (*Id.*).

The Court's review of the record reveals only a single communication from the Appeals Council relevant to the ALJ decision at issue.  In an April 13, 2021 letter to Plaintiff's representative, the Appeals Council denied Plaintiff's request for more time to file a civil action, explaining:

> Under our rules, we may extend the time to file a civil action if you have a good reason for filing late.
>
> You stated that you could not file on time because you are in the process of securing an attorney for the claimant's appeal in federal court. However, you did not appeal the unfavorable February 6, 2020 decision to the Appeals Council. Therefore, you do not have appeal rights to federal court and we have denied your request for more time.

(AR 5199).

## II.  DISCUSSION

Federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Id.* at 506.

The Social Security Act Provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, … may obtain review of such decision by a civil action commenced within sixty days." 42 U.S.C. § 405(g). Whether a decision is final for purposes of § 405(g) is governed by the Social Security Administration's regulations. *Sims v. Apfel*, 530 U.S. 103, 106.  The regulations set out a four-step administrative review process: 1) initial determination; 2) reconsideration; 3) hearing before

---

² Both parties have consented to the jurisdiction of a magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 11).

an ALJ; and 4) Appeals Council review. 20 C.F.R. § 414.1400(a). The Commissioner's decision is final when a claimant has "completed the steps of the administrative review process." 20 C.F.R. § 414.1400(a)(5). However, "[i]f a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Sims*, 530 U.S. at 107.

Here, there is no evidence in the record to support that Plaintiff sought review by the Appeals Council. As discussed, the only communication from the Appeals Council relevant to the ALJ decision at issue explicitly stated Plaintiff did *not* seek the Council's review. (AR 5199). Under *Sims*, this failure deprives the Court of jurisdiction to hear Plaintiff's claims.

### III.     CONCLUSION AND ORDER

Accordingly, **within 14 days of the date of this order**, Plaintiff is ORDERED to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

And it is further ORDERED that, **within 14 days of the date of this order**, the Commissioner SHALL certify that the record before the Court is complete, specifically with respect to any decision or communications from the Appeals Council in this matter.

IT IS SO ORDERED.

Dated: **January 27, 2025**

UNITED STATES MAGISTRATE JUDGE

3